■ BIAGIO ROSANO et al., Respondents, v BAER LUSTGARTEN et al., Defendants and Third-Party Plaintiffs-Appellants, and DONALD VINCENT, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County, dated December 11, 1975, as directed (1) that the principal action shall continue, (2) that the third-party defendant be released from further liability to plaintiffs and defendants third-party plaintiffs, (3) that the third-party defendant shall not be entitled to contribution for payments made to plaintiffs and (4) that the cross motion by defendants third-party plaintiffs for reargument be dismissed. Order affirmed insofar as appealed from, with one bill of costs to respondents appearing separately and filing separate briefs. Plaintiff Biagio Rosano (Rosano) was playing golf with his friend Donald Vincent, the third-party defendant, at the premises of the defendant third-party plaintiff Middle Island Country Club (Country Club). During the course of the game, Vincent hit a ball which struck Rosano in the eye. As a result of the injury, Rosano's eye was surgically removed. After his discharge from the hospital, Rosano entered into settlement negotiations with Vincent's insurer. During these discussions, mention was made by Rosano of the possibility of his bringing an action against the Country Club. The insurer's representative, who is not an attorney, merely shrugged his shoulders and expressed no opinion as to the effect of the release upon such an action. However, the release was in broad terms and did not reserve a claim against the Country Club. Indeed, the printed portion of the release discharged from liability "all other persons, firms or corporations", which of course included the Country Club. Nevertheless, Rosano executed the release for $21,000, intending to relieve *only* Vincent and his insurer from further liability. The maximum amount of coverage under the policy was $25,000. Thereafter, Rosano commenced an action to recover damages for personal injuries against defendants, who in turn impleaded Vincent. Relying upon the broad terms of the release, defendants and Vincent moved to dismiss the complaint and the third-party complaint, respectively. In our opinion, the record on this appeal clearly demonstrates that Rosano only intended to release Vincent and his insurer from liability and that Rosano and the insurer's agent operated under a mutual mistake as to the effect the release would have on the action against defendants. Under such circumstances, the release was properly modified to reflect the true intent of the named parties to the instrument (cf. General Obligations Law, § 15-108, which became effective

after the release in question). Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.